UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN DIEGO COASTKEEPER and OUR CHILDREN'S EARTH FOUNDATION,<br><br>                              Plaintiffs,<br><br>v.<br><br>PICK-YOUR-PART AUTO WRECKING; AMERICAN RECYCLING INTERNATIONAL, INC.; and LKQ CORPORATION,<br><br>                              Defendants. | Case No.:  22-CV-1693 TWR (DDL)<br><br>**ORDER (1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT, AND (2) DENYING DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AS MOOT**<br><br>(ECF Nos. 11, 33) |

Presently before the Court is the Motion for Leave to Amend and Supplement Complaint filed by Plaintiffs San Diego Coastkeeper and Our Children's Earth Foundation (ECF No. 33, "Mot."), along with Defendants Pick-Your-Part Auto Wrecking; American Recycling International, Inc.; and LKQ Corporation's Opposition to (ECF No. 41, "Opp'n") and Plaintiffs' Reply in Support of (ECF No. 45, "Reply") the Motion.  Also before the Court is Defendants' Motion to Partially Dismiss Plaintiffs' First Amended Complaint (ECF No. 11), Plaintiffs' Opposition to (ECF No. 35) and Defendants' Reply

in Support of (ECF No. 44) the Motion to Partially Dismiss.  The Court takes Plaintiffs' Motion for Leave to Amend and Supplement Complaint under submission without oral argument pursuant to Civil Local Rule 7.1(d).

"In general, a court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).  And district courts have substantial discretion in determining when an amendment should be allowed.  *See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997).  Typically, courts "may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1117 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The consideration of prejudice to the opposing party carries the greatest weight.  *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17-cv-0040-BAM, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018).  The party opposing leave to amend bears the burden of showing prejudice or one of the other reasons for denying leave to amend.  *See Clarke v. Upton*, 703 F. Supp. 2d 1037, 1041 (E.D. Cal. 2010).

Where a plaintiff seeks to amend its complaint while a motion to dismiss is pending, a court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading."[1]  *Pettaway v. Nat'l*

---

[1]    Defendants dislike the latter option, explaining, "[i]f the Court were to directly construe Defendants' Motion to Dismiss with respect to the Proposed SAC, there would be additional allegations in the Proposed SAC that Defendants' did not have access to at the time they filed the Motion to Dismiss. This would be contrary to the motion briefing process set forth in this proceeding and unfair to Defendants."  (Opp'n at 9 n.5.)

*Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) (citing *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)).   "Where the proposed amendment requires leave of court, the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Rheaume v. Pallito*, No. 2:15–cv–135–wks–jmc, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015) (emphasis omitted) (quoting *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *accord Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (reversing district court's denial of motion for leave to amend complaint and holding that motion for leave rendered moot pending motion to dismiss rather than vice versa).   In addition, courts are mindful of judicial economy. *See Pettaway*, 955 F.3d at 303.   And "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999), *overruled in part on other grounds by Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002).   So it is often "in the interest of judicial economy for Plaintiffs to amend now rather than after a ruling [on] Defendants' motion to dismiss." *In re Madison Asset LLC*, No. 1:20-cv-10299-MKV, 2021 WL 1894032, at *2 (S.D.N.Y. May 11, 2021).

Here, Defendants argue that granting Plaintiffs leave to amend is prejudicial and that amendment is futile.  (Opp'n at 8–21.)  They argue that they would be prejudiced because the briefing on their pending Motion to Partially Dismiss is complete and they would be required to prepare a new motion to dismiss Plaintiffs' Second Amended Complaint, unnecessarily prolonging the early stages of this litigation.  (*Id.* at 8–9.)  Defendants also contend that amendment would be futile because the proposed Second Amended Complaint does not fix the deficiencies Defendants discuss in their Motion to Partially Dismiss.  (*Id.* at 10–11.)  Defendants then outline some of the alleged deficiencies in Plaintiffs' proposed Second Amended Complaint.  (*Id.* at 11–20.)  Defendants additionally note that they do not oppose at least one of Plaintiffs' proposed changes to the Complaint,

/ / /

(*id.* at 20 n.16), and that they have withdrawn their arguments in their Motion to Dismiss as to Plaintiffs' first claim for relief, (*id.* at 11 n.8).

Plaintiffs, on the other hand, argue that Defendants fail to identify any cognizable prejudice from the Court granting Plaintiffs leave to amend and that the amendments Plaintiffs seek are not futile. (Reply at 2–11.) Specifically, Plaintiffs argue that Defendants have not shown how Plaintiffs' Second Amended Complaint would preclude them from fairly preparing a defense. (*Id.* at 3.) In addition, Plaintiffs contend that the most recent information learned from site inspections and added to the proposed Second Amended Complaint is not a futile amendment. (Mot. at 13; Reply at 11.)

The Court finds it is in the interest of judicial economy to **GRANT** Plaintiffs' Motion to Amend and Supplement the Complaint now, instead of after ruling on Defendants' Motion to Partially Dismiss. This is especially true where Defendants have withdrawn part of their Motion to Dismiss and do not object to some additions to Plaintiffs' Complaint. And because this case is still in the early stages of litigation, any prejudice to Defendants is mitigated. *See Calderon*, 2018 WL 4473626, at *5. Defendants' concern about the time and resources that will be required to respond to the proposed Second Amended Complaint is overstated because in their Opposition to Plaintiffs' Motion, Defendants already address several alleged deficiencies in Plaintiffs' proposed Second Amended Complaint—the time and resources it will take to restate their position in any response to Plaintiffs' proposed Second Amended Complaint should be relatively minimal.

The Court also finds that allowing Plaintiffs to amend their Complaint at this time is not futile because (1) the proposed Second Amended Complaint apparently resolves some of the alleged deficiencies Defendants found in Plaintiffs' First Amended Complaint, (*see* Mot. at 11; Opp'n at 11 n.8); (2) Defendants do not oppose some of the amendments Plaintiffs seek to make to their Complaint, (*see* Opp'n at 20 n.16); and (3) Plaintiffs seek to add more recent information learned from site inspections to supplement its claims, (*see* Mot. at 13; Reply at 11). *See LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986) ("Federal Rule of Civil Procedure 15(d) allows the addition of post-

complaint allegations.   Motions to amend pursuant to Rule 15(d) should be granted '[u]nless undue prejudice to the opposing party will result.'" (citation omitted)); *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973) ("Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.").

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend and Supplement Complaint.   Plaintiffs **SHALL FILE** their Second Amended Complaint, with an accompanying red-lined version (*see* Civil Standing Order § III.A.5), on or before April 12, 2023.   Defendants **SHALL FILE** a response within twenty-one (21) days of the date the Second Amended Complaint is filed.   Defendants' pending Motion to Partially Dismiss Plaintiffs' First Amended Complaint is **DENIED** as moot.   (ECF No. 11.)   Additionally, the Court **VACATES** the hearing on Defendants' partial Motion to Dismiss currently set for April 13, 2023.  (*See* ECF No. 13.)

**IT IS SO ORDERED.**

Dated:  April 5, 2023

Honorable Todd W. Robinson
United States District Judge

22-CV-1693 TWR (DDL)